# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8131 | **DATE** | 10/29/2012 |
| **CASE TITLE** | York v. Cawley and Bergmann, LLP | | |

**DOCKET ENTRY TEXT**

Plaintiff Philip York ("Plaintiff") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons set forth below, the Court grants Plaintiff's motion.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Pursuant to 28 U.S.C. 1915, the Court may authorize Plaintiff to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Plaintiff need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Plaintiff is not currently employed. He does not own real estate or any additional items of personal property worth over $1,000, he does not have more than $200 in cash or in a checking or savings account, and he does not receive income from any other sources, such as social security. Based on these facts, Plaintiff's financial affidavit sets forth his inability to pay the mandated court fees.

    The Court also looks to determine if Plaintiff has established a viable claim. Plaintiff brings his claims against defendant Cawley & Bergmann LLP ("Defendant") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* In order to state a claim under the FCRA, a plaintiff must allege that: (1) there was a consumer report within the meaning of the statute; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose. *See, e.g., Doe v. Saftig,* No. 09 C 1176, 2011 WL 1792967, at *7 (E.D. Wis. May 11, 2011).

    Here, Plaintiff alleges that the Defendant obtained a copy of his Trans Union consumer credit report on 10/10/2011 without his consent. (Doc. 1, ¶ 9, 18.) While he concedes that he does not know the exact purpose why the Defendant obtained his report, he affirmatively alleges that it could not have been for one of the permissible statutory purposes enumerated in 15 U.S.C. § 1681b. He further alleges that he "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" the Defendant. (*Id.* at ¶ 17.) Therefore, Plaintiff's complaint has sufficiently stated a claim upon which relief may be granted. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.

**STATEMENT**